# WILKES WOOD, Judge &c., *versus* MARTIN HAYWARD.

A bond given to a judge of probate by the guardian of a spendthrift, upon his obtaining a license to sell the whole of the ward's real estate because by a partial sale the residue would be injured, is a probate bond.

Such a bond given in the common form, by several guardians of a spendthrift and their sureties, is several as well as joint.

Counts upon joint and several bonds given to the same obligee by different obligors, may be joined in a writ against one of the obligors whose name is upon all the bonds.

THIS was an action of debt brought originally in this Court, for the benefit of Isaac Churchill, who was under guardianship as a spendthrift.

The declaration contained two counts. The first was on a bond dated June 20, 1825, given to the judge of probate by the defendant and two other persons as principals and another as surety, on taking out the letters of guardianship. The second was on a bond, dated May 17, 1826, given to the judge of probate by the defendant and another as principals, and two others as sureties, in pursuance of a license obtained at this Court to sell the whole of Churchill's real estate, because a partial sale would injure the residue.

To the first count the defendant pleaded *omnia performavit*. The plaintiff replied, setting forth a fraud in the sale of one parcel of land, under the license. To this replication there was a general demurrer.

To the second count also the defendant pleaded *omnia performavit*. The plaintiff replied, that under the license the defendant sold another parcel of land, containing twenty-three acres and a half, yet that he carelessly and negligently and contrary to his duty in that behalf, estimated it at only seventeen acres, and had not accounted for it at a higher rate ; whereby he unfaithfully sacrificed the interest of his ward. The defendant rejoined, traversing this allegation, and tendering an issue to the country, which was joined ; and upon the trial a verdict was found in favor of the plaintiff.

23 *

<div style="margin-left:2em">Wood,<br>Judge &c.,<br>v.<br>Hayward.</div>

The defendant moves in arrest of judgment, 1. Because the writing obligatory declared on in the second count is not a probate bond, and this action thereon having been brought originally in this Court, the Court have no jurisdiction thereon.

2. Because the action is on a joint bond, and there is no allegation that any of the obligors is dead or without the jurisdiction of this Court, and only one of them is made defendant.

*Oct. 23d.*   *Eddy* and *Beal* argued in support of the demurrer, that so far as regards the sale under the license, the general guardianship bond was merged in the particular bond given in pursuance of the license. *Henshaw* v. *Blood*, 1 Mass. R. 46 ; *Freeman* v. *Anderson*, 11 Mass. R. 190 ; *Fay* v. *Valentine*, 8 Pick. 526.

To the first ground of the motion in arrest, they cited *White* v. *Quarles*, 14 Mass. R. 451 ; *Fay* v. *Valentine*, 8 Pick. 526.

As to the second ground, they said that although the bond was joint and several in terms, yet the interest of the obligors being joint, they should all have been joined in the action. Coventry & Hughes's Dig. 257.

The plantiff has declared on several bonds in which there are different sureties, and for this reason the action cannot be sustained.

*W. Baylies* and *W. Thomas,* contrà, cited as to the first ground of the motion in arrest, *St.* 1783, *c.* 46, § 3 ; 1786, *c.* 55, § 3 ; 1783, *c.* 32, § 2 ; 1806, *c.* 102 ; 1818, *c.* 112 ; *Thomas* v. *White*, 12 Mass. R. 369.

As to the second, *St.* 1788, *c.* 20, § 2 ; Bac. Abr. *Obligation*, *D* 4 ;. 1 Wms's Saund. 154, note 1, and 291 *b*, note 4.

As to the joinder of the two bonds in one action, 2 Wms's Saund. 117 *c*, note 2 ; 2 Saund. Pl. and Evid. 418 ; *Paine* v. *Fox*, 16 Mass. R. 129.

*Oct. 26th.*   PUTNAM J. delivered the opinion of the Court. We do not perceive any reason to think that the bond described in the second count is not a probate bond. It was required by *St.* 1818, *c.* 112, § 2, to be given to the judge of probate. It is strictly speaking a probate bond as defined in *Thomas*

v. *White*, 12 Mass. R. 369, and is not extra-official. The case of *White* v. *Quarles*, 14 Mass. R. 451, may seem at first view to militate with this ; but it will be found, that the point now under consideration was not decided. That action was originally commenced in the Court of Common Pleas, and if it were a probate bond, the suit should have been commenced in this Court ; so the action was properly dismissed ; and if it were not a probate bond, the successor of the judge of probate could not have sued it, as he did ; therefore, *quacunque viâ*, that suit was properly dismissed. So the first reason assigned in arrest of judgment cannot prevail.

And we are of opinion that the second reason for annulling the judgment, is also without legal foundation. It is said that the bond is joint, and that there is no allegation that any of the obligors is dead or without the jurisdiction of the Court, and that only one of the obligors is made defendant. The short but sufficient answer is, that the bond is *several* as well as *joint*.

It is also to be recollected, that this was a matter which should have been pleaded in abatement, and it is now too late to raise the objection.

It is lastly alleged, that the plaintiff has misjoined two bonds in one writ ; which bonds contain different obligors. We think that as the defendant is upon both of the bonds, and may be sued severally, and as both of the bonds were taken for the use of the same party, this objection cannot prevail. It was the duty of the pleader, under such circumstances, to join them, and not to put the defendant to the useless expense of another suit.

This view of the case renders it unnecessary to consider the demurrer to the first count ; as we are all of opinion that the second count is good ; that the motion in arrest of judgment should be overruled ; and that judgment should be rendered for the plaintiff upon the verdict, for a forfeiture of the penalty of the bond. The defendant will be heard in equity, as to the amount of the damages.